UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOY TOWNSEND, | CASE NO. C12-5597 RJB |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF |
| v. | |
| BUREAU OF LAND MANAGEMENT, | |
| Defendant. | |

This matter comes before the court on review of the complaint.

On July 6, 2012, plaintiff filed a civil rights complaint. Dkt. 1. In her request for relief, plaintiff requests the following:

> I would like a temporary injunction to protect me from the BlM [sic] taking the 2 horses until the issues are cleared up. I need this for Tuesday July 10, 2012 at 9:00—the BlM [sic] is coming to inspect. If there is a problem in communication I would like protection from them taking horses.

Dkt. 1, at 4.

Plaintiff filed several documents in support of her complaint. Dkt. 2. Plaintiff states that she would like a temporary injunction, ordering that two horses, Molly and Sophie, remain in her

custody until "unsolved matters of disagreement are solved." Dkt. 2. Plaintiff maintains that there have been errors in past BLM inspections, and that the BLM has threatened to repossess these horses several times. Dkt. 2, at 2. Plaintiff has included letters from a veterinarian stating that the horses are in good condition; copies of e-mails between plaintiff and BLM personnel; and various other documents. Dkt. 2. In a June 11, 2012 e-mail from Patti Wilson (apparently a BLM employee), Ms. Wilson stated as follows: "As you know your last conversation with Rob was he was planning to repossess the three horses…..i [sic] want to try to help that not happen. I can't even begin to tell what I think they will do. I do know if at all possible we do NOT want to take horses back….especially if they are being well cared for." Dkt. 2, at 7.

In her complaint, plaintiff states that she has agreed to an additional inspection of the horses by BLM on July 10, 2012. Dkt. 1. Plaintiff further states that "[i]t is my belief that they will possibly still try to take these two horses…." Dkt. 1, at 3.

Plaintiff is requesting relief in the nature of a temporary restraining order. Under Fed.R.Civ.P. 65(b), a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required. Plaintiff has not shown that she has complied with the notice provisions of Fed.R.Civ.P. 65, nor has she made any showing that would warrant issuing a temporary restraining order without notice.

Further, the basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party "seeking a preliminary injunction

must establish that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in that party's favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008).   Alternatively, where there are serious questions going to the merits and a balance of hardships that tips sharply toward the plaintiff, a preliminary injunction can be issued, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Alliance for Wild Rockies v. Cottrell*, 2010 WL 2926463 at *4-7 (9th Cir. 2010).

Plaintiff has not made as sufficient showing that she is likely to succeed on the merits of the claims. Further, plaintiff's belief that the BLM "will possibly still try to take these two horses" is insufficient to show that she is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff has not shown that the balance of equities tips in her favor, or that an injunction is in the public interest.

Plaintiff's motion for a temporary restraining order/preliminary injunction should be denied.

Accordingly, it is hereby **ORDERED** that plaintiff's motion for a temporary restraining order/preliminary injunction (Dkt. 1) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of July, 2012.

ROBERT J. BRYAN
United States District Judge